UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA STAAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF AMADOR,<br><br>　　　　Defendant. | No. 2:17-cv-0974-MCE-KJN PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Monica Staar, proceeding without counsel, initially commenced this action on May 9, 2017, and requests leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)[1] Plaintiff styles her initial filing as a "Request for Emergency Injunctive Relief with Expedited Hearing." (ECF No. 1.) Liberally construed, it appears that plaintiff intends this filing to serve as both her complaint and a request for a temporary restraining order ("TRO"). Accordingly, the court addresses that filing in such a manner.

Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

////

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be

futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Furthermore, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted). Indeed, a federal court also has an independent duty to assess whether subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Liberally construed, plaintiff alleges in her complaint that the Sheriff of Amador County has refused to "document, record, respond to, or acknowledge in writing the reporting" of various criminal acts, such as "vehicle theft, larceny, burglary, assault and battery, and assault with a deadly weapon," that have taken place in Amador County.[2] (ECF No. 1 at 1.) More specifically, plaintiff alleges that she was twice assaulted with a motor vehicle, and that the Amador County Sheriff failed to record those incidents. (Id.) Plaintiff appears to allege that the law enforcement officers at the scene of those two incidents failed to prepare reports and provide them to plaintiff. (Id. at 4.) Plaintiff also alleges that a number of other, apparently unrelated criminal incidents have gone unreported. (Id. at 2.) Plaintiff alleges further that she cannot receive reimbursement for a property loss claim she filed with an unidentified insurance company for two vehicles she had stolen because the Amador County Sheriff has not provided her with police report numbers.

---

[2] While plaintiff appears to note that this action is related to another case filed in this court, Case No. 2:17-cv-0083-KJM-AC, a review of the pleading in that action indicates that the present action is unrelated to that case.

(Id. at 3.) Plaintiff claims that Amador County Sheriff also refuses to provide police reports for the alleged criminal incidents discussed above. (Id.) Plaintiff clarifies in her complaint that she "is not seeking any declaration or judgment on the underlying alleged crimes at this time—merely that the allegations be documented." (Id. at 5.)

Based on these allegations, plaintiff seeks the following relief: (1) that the Sheriff of Amador County take and process police reports for the crimes plaintiff alleges in her complaint; (2) that the Sheriff furnish plaintiff with police report numbers regarding the alleged theft of the two motor vehicles owned by plaintiff; (3) that the Sheriff complete a report of the two alleged assaults with a deadly weapon perpetrated upon plaintiff; (4) that the Sheriff make reports to appropriate reporting agencies concerning certain alleged crimes; and (5) that the Sheriff file a progress report with the court describing the progress defendant has made in providing plaintiff with the other requested relief. (ECF No. 1-1.)

Plaintiff does not specify any particular causes of action based on the above allegations. However, when liberally construed, the allegations of the complaint and the relief plaintiff requests indicate that plaintiff attempts to assert a claim against defendant to obtain certain records potentially possessed by the Amador County Sheriff under the California Public Records Act ("CPRA").

Because the allegations of the complaint demonstrate that the parties are not diverse, plaintiff being a resident of Jamestown, California, and defendant being a county within California, plaintiff must assert a claim presenting a federal question in order for this court to have subject matter jurisdiction over this action. See 28 U.S.C. §§ 1331, 1332(a).

The CPRA is codified in California Government Code §§ 6250-6276.48, therefore meaning any claims directly asserted under the provisions of that Act arise under California state law, rather than federal law. Accordingly, plaintiff must be able to articulate a federal statute under which her claim could be asserted, or another basis giving rise to a federal question, in order for the court to retain subject matter jurisdiction over this action. However, plaintiff does not provide any indication in her complaint as to a potential basis for asserting her apparent CPRA claim that arises under federal law. Moreover, to the extent plaintiff could conceivably

4

assert such a claim as a civil rights claim under 42 U.S.C. § 1983, such a claim would not be viable.

It is well established that "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." Houchins v. KQED, Inc., 438 U.S. 1, 15 (1978); see also Brooks v. Vallejo City Unified School District, 2009 WL 10441783, at *3 (E.D. Cal. Oct. 30, 2009) (quoting Houchins, 438 U.S. 1) (dismissing 42 U.S.C. § 1983 claims for violation of First Amendment free speech rights and Fourteenth Amendment due process rights based on alleged CPRA violations). Consequently, plaintiff cannot not allege a cognizable Fourteenth Amendment due process or First Amendment free speech violation to support a claim under 42 U.S.C. § 1983.

Furthermore, even assuming, without deciding, that the allegations of the complaint are sufficient to show that defendant actually violated the CPRA, such a violation by itself is insufficient to state a claim under 42 U.S.C. § 1983, which requires violation of a federal constitutional or statutory right. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires Galen to demonstrate a violation of federal law, not state law."); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."). To the extent plaintiff attempts to assert a claim for relief under the CPRA, plaintiff does have an avenue for seeking relief under that Act, but such relief must be pursued in state court. See Cal. Gov't Code §§ 6258, 6259.

Therefore, to the extent plaintiff could attempt to assert a claim under 42 U.S.C. § 1983 based on the complaint's allegations, such a claim would fail as a matter of law.[3] Because the allegations of the complaint demonstrate that the court lacks subject matter jurisdiction over this action, the court recommends that plaintiff's complaint be dismissed.

////

---

[3] To the extent plaintiff could attempt to assert her apparent CPRA claim under another federal statute, the court is unaware of any other federal statute that could give rise to a cognizable cause of action under the facts plaintiff alleges. Similarly, the court is not aware of any other potential cause of action that plaintiff could assert that could conceivably give rise to a federal question.

5

The court has carefully considered whether plaintiff should be granted leave to amend her complaint. Ordinarily, the court, consistent with applicable law, liberally grants leave to amend, especially to *pro se* litigants, if it appears that a potentially cognizable claim could be stated. However, given the nature of plaintiff's allegations in the complaint, and the existence of binding law that forecloses the type of claim that it appears plaintiff is attempting to assert, the court concludes that granting leave to amend here would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Accordingly, the court recommends that the dismissal of plaintiff's complaint be without leave to amend.

Plaintiff also appears to request in her pleading that the court issue a TRO. While plaintiff's filing appears to address the four Winter factors discussed below necessary to support a request for TRO, plaintiff's filing fails to comply with Local Rule 231(c) because it does not provide the court with all of the documents that Rule requires to properly support a request for TRO. Moreover, plaintiff's request for TRO is also not well taken on the merits.

A TRO, as a form of injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Niu v. United States, 821 F. Supp. 2d 1164, 1168 (C.D. Cal. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). The court may grant a TRO where the moving party is "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his [or her] favor, and . . . an injunction is in the public interest. Winter, 555 U.S. at 20; see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"Under the sliding scale approach . . . the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." Pimentel v. Dreyfus, 670 F.3d 1096, 1105 (9th Cir. 2012) (citations and internal quotation marks omitted); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (preliminary injunction appropriate when a moving party demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in the [moving party's] favor," assuming other

Winter elements are also met). However, "'at an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.'" Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2008) (quoting Dep't of Parks & Recreation v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1124 (9th Cir. 2006)). Where a party has not shown likelihood of success on the merits, or at least the existence of serious questions going to the merits, the court need not address the remaining Winter elements. See Pimentel, 670 F.3d at 1111.

Here, plaintiff's complaint should be dismissed without leave to amend because the allegations of that complaint demonstrate that plaintiff cannot conceivably assert a cause of action that would provide the court with subject matter jurisdiction over this action. Accordingly, plaintiff cannot show a likelihood of success on the merits for her apparent claim against defendant. Because there is no likelihood of success on the merits of plaintiff's apparent claim, or even the existence of serious questions going to the merits, the court declines to address the remaining Winter elements. See Pimentel, 670 F.3d at 1111.

Because plaintiff's request for TRO fails to comply with Local Rule 231 and does not demonstrate a likelihood of success on the merits of plaintiff's underlying claim, the court recommends that plaintiff's request for TRO be denied.

For the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's motion to file *in forma pauperis* (ECF No. 2) is granted.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend.
2. Plaintiff's request for TRO (ECF No. 1) be denied.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 11, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE